UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHARON MAYERS,                                                                                  Case No.:

                      Plaintiff,

      -against-                                                                                **COMPLAINT**
                                                                                                   **AND JURY DEMAND**

THE MANHATTAN CLUB TIMESHARE ASSOCIATION INC.
d/b/a THE MANHATTAN CLUB,

                      Defendant.
----------------------------------------------------------------------X

       Plaintiff SHARON MAYERS, by her attorneys Cheriff & Fink, P.C., for her Complaint and Jury Demand, respectfully alleges as follows:

### THE PARTIES

1.      At all relevant times, Plaintiff SHARON MAYERS ("Plaintiff") was and still is a citizen of the State of Massachusetts.

2.      Upon information and belief, at all relevant times, Defendant THE MANHATTAN CLUB TIMESHARE ASSOCIATION INC. was and still is an New York not-for-profit Corporation with its principal place of business at 200 West 56th Street, New York, NY 10019.

### SUBJECT MATTER JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of interest and costs and there is diversity of citizenship between the parties.

### IN PERSONAM JURISDICTION AND VENUE

4.      Upon information and belief, at all relevant times, Defendant THE MANHATTAN CLUB TIMESHARE ASSOCIATION INC. was d/b/a THE MANHATTAN CLUB ("THE MANHATTAN CLUB").

5.      Upon information and belief, at all relevant times there was and still is a business commonly known and promoted as THE MANHATTAN CLUB (the "Hotel") located at 200 West 56th Street, New York, New York

10019 ("the Premises").

6.  Upon information and belief, at all relevant times, Defendant by its agents, servants and/or employees operated, managed, and maintained the Hotel at the Premises.

7.  Upon information and belief, at all relevant times, Defendant by its agents, servants and/or employees operated, managed, and maintained and furnished room 2307 at the Premises (her "Hotel Room").

### The Accident

8.  On June 30, 2023, at approximately 9:45 a.m. while Plaintiff was lawfully in her Hotel Room at the Premises, she was injured when the glass from a table with an unsecured glass top fell on her, causing the accident (the "Accident").

### Defendant's Negligence

9.  The Accident and the injuries resulting therefrom were due solely and wholly to the carelessness and negligence of the Defendant, its agents and/or employees who were negligent in that the Defendant caused, permitted and/or allowed the Accident Location to become and remain in a dangerous, defective and trap-like condition; in that Defendant negligently maintained a condition that was dangerous and trap-like; in that the Defendant neglected a dangerous and trap-like condition so that the table tipped and the glass fell because the glass was not properly secured to the base of the table; in that the Defendant failed to warn or apprise the general public and especially Plaintiff of the danger to her person as a result of this dangerous and trap-like condition; in that Defendant, its agents, and/or employees created the dangerous condition by failing to either secure the glass to the table and/or failed to properly warn of the dangerous condition at the Accident Location; in that Defendant failed to take any remedial action to correct the condition or to prevent the happening of the Accident; in failing to have competent personnel to inspect, operate, and maintain the Accident Location; in failing to instruct such personnel properly to inspect, operate, and maintain the Accident Location; and in failing properly to supervise such personnel.

10.  Defendant, its agents, servants and/or employees had actual knowledge and notice of the defective, dangerous, and/or trap-like condition of the Accident Location, having created the condition and/or this

condition had existed for a sufficient length of time prior to the Accident, and/or Defendant, its agents, servants and/or employees, in the exercise of reasonable care and upon proper inspection, could have and should have had such notice and knowledge.

11. The Accident occurred solely as the result of the Defendant's negligence, without any negligence on the part of the Plaintiff contributing thereto.

### Plaintiff's Injuries

12. As a result of the foregoing, the Plaintiff was rendered sick, sore, lame and disabled; was confined to her bed and home; suffered and continues to suffer great pain and agony, and has sustained certain severe and serious injuries which, upon information and belief, are permanent in nature.

13. By reason of the foregoing, Plaintiff suffered damages in an amount of one million dollars.

WHEREFORE, Plaintiff demands judgment against Defendant one million dollars, together with costs and disbursements of this action and with such other and further relief the Court may deem just and proper.

Dated: July 28, 2023
    Mount Kisco, NY

CHERIFF & FINK, P.C.

By: _____
Bruce J. Cheriff (BJC-2991)
Attorneys for the Plaintiff
PO Box 985
Mount Kisco, NY 10549-0985
(914) 242-2042